MELVIN SACKS, Appellant, v. ALVIA SACKS, Respondent.— In an action for divorce, the plaintiff husband appeals from an order of the Supreme

Court, Kings County, dated April 9, 1969, which granted defendant's motion for summary judgment and dismissal of the complaint (CPLR 3211, 3212). Order reversed, on the law, without costs; defendant's motion denied; and partial summary judgment granted in favor of plaintiff dismissing the affirmative defense of res judicata contained in defendant's answer. On October 7, 1968 plaintiff commenced this action for divorce on the ground that defendant had abandoned him for a period of two or more years commencing August 16, 1963 (cf. Domestic Relations Law, § 170, subd. 2). Defendant interposed the affirmative defense of res judicata. It appears that plaintiff had previously sued defendant for separation (cf. Domestic Relations Law, § 200) on the ground, inter alia, that she had abandoned him on August 16, 1963. Defendant counterclaimed in that action for a separation in her favor; and the trial court found that defendant had left the marital domicile on August 16, 1963 without justification and without plaintiff's consent, and that defendant had not sustained her burden of proof on her claim of cruel and inhuman conduct on his part before she left the marital domicile. The trial court made no finding that defendant had left plaintiff with intent not to return — a necessary ingredient of abandonment (see Silberstein v. Silberstein, 218 N. Y. 525, 529) — but held that plaintiff's conduct and relations with another woman, after defendant had left the marital domicile, though insufficient to warrant granting her a separation, were such as to bar a judgment of separation in his favor, pursuant to section 202 of the Domestic Relations Law. We affirmed on appeal (Sacks v. Sacks, 26 A D 2d 575). In our opinion the judgment in the separation action is not res judicata as to any of the issues in the present action for divorce. There has been no judicial determination that defendant did or did not abandon plaintiff on August 16, 1963, since there was no finding that she intended not to return. All that the prior judgment determined with respect to abandonment was that plaintiff's subsequent misconduct constituted a defense to his separation action, under section 202 of the Domestic Relations Law, and thus barred him from obtaining a separation on the grounds alleged. There being no similar statutory defense to an action for divorce on the ground of abandonment for a period of two or more years, it follows that the former judgment is not res judicata as to any of the issues in the present action. Beldock, P. J., Christ, Munder and Kleinfeld, JJ., concur; Martuscello, J., not voting.